# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA ALMANZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CREDIT ONE BANK, N.A.,<br><br>　　　　　Defendant.<br>_____ / | Case No. 1:17-cv-830-DAD-SKO<br><br>**ORDER GRANTING STIPULATED REQUEST TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT**<br><br>(Doc. 8) |

　　　　On August 11, 2017, the parties filed a "Stipulation to Extend Time to Respond to Plaintiff's Complaint" (the "Stipulation"), requesting that the deadline for Defendant Credit One Bank, N.A. ("Defendant") to respond to Plaintiff's Complaint be continued to August 16, 2017. (Doc. 8.) The Stipulation states that it is being filed pursuant to "L[ocal] R[ule] 8-3." (*Id.* at 1.)

　　　　The Court calls to the parties' attention the current version of the Local Rules of the United States District Court, Eastern District of California, effective April 1, 2017 (the "Local Rules" or "L.R."), which provide in pertinent part:

> **(a) Extensions on Stipulation.** Unless the filing date has been set by order of the Court, an initial stipulation extending time for no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation. All other extensions of time must be approved by the Court. No open extensions of time by stipulation of the parties will be recognized.

L.R. 144(a). Pursuant to the Return of Service filed July 12, 2017, Defendant was served on June 26, 2017. (Doc. 7.) Defendant's responsive pleading was therefore due twenty-one (21) days after service -- on July 17, 2017. Fed. R. Civ. P. 12(a)(1)(A)(i). The parties' stipulated extension to August 16, 2017, is a 30-day enlargement of time that requires Court approval under L.R. 144(a).

More importantly, the Stipulation was filed on August 11, 2017, *over three weeks* after Defendant's responsive pleading deadline had expired. Although the Court may extend time to file a responsive pleading after the deadline has expired because of "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), no such excusable neglect has been articulated—much less shown—here. Notwithstanding this deficiency, given the absence of bad faith or prejudice to Plaintiff (as evidenced by the parties' agreement to the extension of time), and in view of the liberal construction of Fed. R. Civ. 6(b)(1) to effectuate the general purpose of seeing that cases are tried on the merits, see *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010), the Court GRANTS the parties' stipulated request. ***The parties are cautioned that future post hoc request for extensions of time will be viewed with disfavor.***

IT IS HEREBY ORDERED that Defendant Credit One Bank, N.A. shall have to and including August 16, 2017, within which to file a responsive pleading.

IT IS SO ORDERED.

Dated: __**August 15, 2017**__   /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE