UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA ALMANZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CREDIT ONE BANK, N.A. and DOES 1-25,<br><br>　　　　　Defendants. | No. 1:17-cv-00830-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>(Doc. No. 22) |
| CREDIT ONE BANK, N.A.,<br><br>　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>PETER ALMANZA and ROES 1-25,<br><br>　　　　　Third-Party Defendants. | |

　　　This matter is before the court on plaintiff's motion to amend. On March 6, 2018, this matter came before the court for hearing. Attorney Yitzchak Zelman appeared on behalf of plaintiff Yolanda Almanza. Attorney David Kaminski appeared on behalf of defendant/third-party plaintiff Credit One Bank, N.A. Having considered the briefing and heard from counsel, the court will grant plaintiff's motion.

1

1  **BACKGROUND**

2  In her first amended complaint, plaintiff alleges as follows. Plaintiff alleges that she has
3  been receiving incessant wrong number calls placed by defendant, as well as defendant's
4  unidentified third-party calling vendors. (Doc. No. 13 ("FAC") at ¶ 1.) Specifically, plaintiff
5  alleges a campaign by defendant of attempting to communicate with plaintiff via the use of an
6  automated telephone dialing system and prerecorded messages, which has persisted for the past
7  four years. (*Id.* at ¶ 11.) Upon answering these calls, defendant's representatives would ask for
8  an individual named "Peter," although plaintiff is the sole user of her cellular phone number. (*Id.*
9  at ¶ 12, 13.) Defendant used multiple phone numbers to make these calls, and plaintiff confirmed
10 that these calls were made by defendant by calling those numbers and being connected with an
11 automated answering service stating "Welcome to Credit One Bank." (*Id.* at ¶ 15.) Plaintiff
12 states that she never gave defendant her prior, express permission to call her cell phone via the
13 use of an automated telephone dialing system or prerecorded voice, and expressly directed
14 defendant to stop doing so on numerous occasions. (*Id.* at ¶¶ 18, 19.) However, these calls did
15 not stop, causing the plaintiff to be harassed, stressed, frustrated, and annoyed. (*Id.* at ¶ 23.)

16 The FAC alleges three causes of action. First, it alleges a violation of the Telephone
17 Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.* Second, it alleges a violation of
18 the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), 31 Cal. Civ. Code
19 § 1788.17. Third, it alleges common law invasion of privacy by intrusion upon seclusion. On
20 January 15, 2018, plaintiff filed the instant motion to amend, seeking to add as defendants Expert
21 Global Solutions Financial Care, Inc. ("Expert Global") and Convergent Outsourcing, Inc.
22 ("Convergent"). Defendant has not opposed this motion and its non-opposition was confirmed at
23 the hearing on the pending motion.

24 **LEGAL STANDARD**

25 "A party may amend its pleading once as a matter of course within: (A) 21 days after
26 serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after
27 service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
28 whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to

amend a pleading or receive the opposing party's written consent. *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp.*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

Further, in determining futility, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied." *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 Moore's Federal Practice P. 15.08(4) (2d ed. 1974)). Amendment is therefore proper "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.'" *United States v. Corinthian Colls.*, 655 F.3d 984, 955 (9th Cir. 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).

## DISCUSSION

As the parties have proceeded through discovery, plaintiff was made aware of the identities of several third-party dialer vendors retained by defendants to place the phone calls at issue in this case. Plaintiff therefore seeks to amend its complaint and add those companies as defendants. Although plaintiff's motion is unopposed, the court will nonetheless examine the

four factors discussed above to determine whether leave to amend is warranted in this case.

**A.      Prejudice to the Opposing Party**

"Absent prejudice, there is a presumption under Rule 15(a) in favor of granting leave to amend." *Serpa*, 318 F. Supp. 2d at 870 (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Moreover, the party opposing amendment bears the burden of showing such prejudice. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs*, 833 F.2d at 186). As noted, defendant has not opposed this motion. Accordingly, the court finds no basis to conclude that defendant would be in any way prejudiced by granting leave to amend.

**B.      Bad Faith**

The court next examines whether plaintiff's motion to amend was made in bad faith. In support of its contention that it has acted in good faith, plaintiff attaches to its motion a series of emails between plaintiff's counsel and defendant's counsel. In those emails, plaintiff's counsel advised defendant's counsel on December 18, 2017 that it wished to amend its complaint to add additional parties to its complaint. (Doc. No. 22-3 at 1.) At the request of defendant's counsel, plaintiff's counsel then prepared a stipulation for defendant to review and sign, and also gave defendant an opportunity to review the proposed amended complaint. (Doc. No. 22-4 at 1–4.) Despite these efforts by plaintiff's counsel, defendant has apparently not agreed to plaintiff's proposed stipulation.

Far from acting in bad faith, the court finds that plaintiff provided defendant with ample notice of its intent to amend its complaint, and is doing so solely to include the proper parties in this litigation. The court finds that the instant motion was not made in bad faith.

**C.      Undue Delay**

The third factor that the court must consider is whether granting leave to amend would cause undue delay in the litigation. In answering this question a court will "not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." *AmerisourceBergen Corp.*, 465 F.3d at 953. Instead, a court must also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388.

4

Plaintiff's motion fully complied with the scheduling order in this case. The instant motion was filed on January 15, 2018, which was the deadline for the parties to request leave to amend the pleadings. (*See* Doc. No. 15 at 2.) Moreover, there is no reason to believe that plaintiff knew or should have known the identities of the corporations it now seeks to name in an amended complaint, since defendant did not disclose the identities of those corporations in its initial disclosures under Rule 26. (*See* Doc. No. 22-6.) The court therefore finds that granting leave to amend would not cause undue delay in this case.

**D.      Futility**

Finally, the court addresses whether leave to amend would be futile. "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

The court has reviewed the proposed amended complaint and finds that leave to amend would not be futile. The allegations against Expert Global and Convergent appear to be indistinguishable from the allegations already made against defendant Credit One, since the proposed complaint alleges that defendant Credit One hired Expert Global and Convergent to place the phone calls at issue in this case. (Doc. No. 22-7 at ¶ 30.) Amending the complaint would therefore not be futile.

**CONCLUSION**

For these reasons, plaintiff's unopposed motion to amend (Doc. No. 22) is granted.

IT IS SO ORDERED.

Dated:   **March 6, 2018**

UNITED STATES DISTRICT JUDGE