**JONATHAN A. STIEGLITZ**
**(SBN 278028)**
**THE LAW OFFICES OF**
**JONATHAN A. STIEGLITZ**
**11845 W. Olympic Blvd., Ste. 800**
**Los Angeles, California 90064**
**Tel: (323) 979-2063**
**Fax: (323) 488-6748**
**Email: jonathan.a.stieglitz@gmail.com**

**Yitzchak Zelman, Esq.,**
**MARCUS & ZELMAN, LLC**
**1500 Allaire Avenue, Suite 101**
**Ocean, New Jersey 07712**
**Tel:     (732) 695-3282**
**Fax: (732) 298-6256**
**Email: yzelman@marcuszelman.com**
**Attorneys for Plaintiff**
*Admitted Pro Hac Vice*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

|  |  |
|---|---|
| **YOLANDA ALMANZA,**<br><br>                      Plaintiff<br><br>-against-<br><br>**CREDIT ONE BANK, N.A., EXPERT GLOBAL SOLUTIONS FINANCIAL CARE, INC., and CONVERGENT OUTSOURCING, INC.,**<br><br>                      Defendants | **Civil Case No.:**<br>**1:17-cv-830-DAD-SKO**<br><br>**SECOND AMENDED COMPLAINT**<br>**and**<br>**JURY TRIAL DEMAND**<br><br><br>**CIVIL ACTION** |

Plaintiff YOLANDA ALMANZA ("Plaintiff"), by and through her undersigned attorneys, brings this Second Amended Complaint against the Defendant CREDIT ONE BANK, N.A., EXPERT GLOBAL SOLUTIONS FINANCIAL CARE, INC., and CONVERGENT OUTSOURCING, INC. (hereinafter collectively referred to as "Defendants"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.   Plaintiffs brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).  Plaintiff has been receiving incessant collection calls from the Defendant all to collect on an account allegedly owed by her son, and seeks damages as a result of those calls.

2.  The Plaintiff previously named Credit One Bank, N.A. and John Does 1-25 as the sole Defendants in this action, as the incessant callers would always identify themselves as calling from Credit One Bank.  In discovery, Plaintiff has learned that Credit One Bank contracted with several vendors, including Expert Global Solutions Financial Care, Inc. ("EGS"), and Convergent Outsourcing, Inc. ("Convergent") to actually make these calls.  Plaintiff now

amends her Complaint to name these entities, who, in fact, placed many of the actual unwanted calls to her cellular phone.

3. Plaintiff further seek damages as a result of the Defendant's invasion of her privacy and right to seclusion, as well as damages pursuant to the Rosenthal Fair Debt Collection Practices Act, codified at Cal. Civ. Code § 1788 et seq.

4. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent.  Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

5. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques."  *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial

freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9).  Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

6.  Plaintiff is a natural person who resides in Terra Bella, California.

7.  Defendant Credit One Bank, N.A. is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

8.  Defendant Convergent Outsourcing, Inc. is a corporation with its principal place of business located at 800 SW 30th Street, Renton, WA 98057.

9.  Defendant Expert Global Solutions Financial Care, Inc. is a corporation with its principal place of business located at 507 Prudential Rd Horsham PA 19044.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and has supplemental jurisdiction over the Plaintiff's RFDCPA claims and invasion of privacy claims pursuant to 28 U.S.C. § 1367(a)

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## **ALLEGATIONS OF FACTS**

12. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

13. In March of 2016, Credit One began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages by calling the Plaintiff's cellular telephone phone number of (559) 202-9319 on dozens of occasions.

14. When the Plaintiff would answer the Defendant's calls, Credit One's representatives would ask to speak with an individual named "Peter."

15. Plaintiff is the customary and sole user of the cellular phone number (559) 202-9319.

16. The Defendant called from numerous phone numbers, including but not limited to (888)338-3804.

17. Plaintiff confirmed that these phone numbers belong to Defendant by calling these numbers and being connected with an automated answering stating "Welcome to Credit One Bank."

18. Defendant specifically used an automated telephone dialing system to call the Plaintiff on her cell phone seven times on May 10, 2016 alone, amongst numerous other dates.  Indeed, the Defendant called the Plaintiff over eighty-

five times, in an attempt to reach this "Peter" and over sixty times in a one-month period.

19. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of up to seven calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

20. The Plaintiff never gave the Defendant her prior, express permission to call her cell phone via the use of an automated telephone dialing system or prerecorded voice.

21. Plaintiff had no wish to be contacted on her cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling her cell phone number on numerous occasions.

22. The Plaintiff specifically advised the Defendant that they were calling the wrong party, that she was not "Peter", that she had no account with Credit One Bank, and that the Defendant should cease calling her.

23. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone

number assigned to a cellular telephone service.

24. Plaintiff suffered actual damages because the Defendant's calls to her cell phone deprived her of the use of her cellular phone during the times that the Defendant was calling her cellular phones, depleted battery life of the cellular telephone, and by invading on the Plaintiff's right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

25. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls.

26. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

27. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

### (Violations Of The TCPA By Credit One)

28. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

29. As alleged above, Defendant Credit One Bank, N.A. placed numerous calls and prerecorded messages to the Plaintiff's cellular phone number throughout the past four years.

30. Upon information and belief, Credit One Bank, N.A. also hired outside vendors, including – but not limited to - Defendants Expert Global Solutions Financial Care, Inc., and Convergent Outsourcing, Inc. to place calls, on Credit One Bank's behalf and at Credit One Bank's behest, to the Plaintiff's cellular phone number of (559) 202-9319.

31. Upon information and belief, Credit One Bank, N.A. knew that Expert Global Solutions Financial Care, Inc., and Convergent Outsourcing, Inc. were utilizing prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA, in contacting the Plaintiff's cellular phone, even before it directed that calls be placed to the Plaintiff's cellular phone.

32. Upon information and belief, Credit One Bank, N.A. in fact sanctioned the use of prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA - used by Expert Global Solutions Financial Care, Inc., and Convergent Outsourcing, Inc. - to contact the Plaintiff's cellular phone.

33. Defendant Credit One Bank is vicariously and directly liable for the calls

made to the Plaintiff's cellular phone on Credit One Bank's behalf by the dialer vendors it employed, including – but not limited to -  Expert Global Solutions Financial Care, Inc., and Convergent Outsourcing, Inc.

34. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on her cellular phone.

35. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

36. The Defendant's violations of the TCPA were also willful, because Credit One knew that it was calling a cellular phone number for which it did not have consent for, and continued placing calls to that phone number anyway.

37. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SECOND CAUSE OF ACTION

### (Violations Of The Rosenthal Act by Credit One)

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

40. Pursuant to 15 USC §1692c, a debt collector may not communicate with a third party in connection with the collection of a debt owed by a consumer, with a limited exception for calls made to obtain or confirm location information, which exception is governed by 15 USC §1692b.

41. Pursuant to 15 USC §1692b(3), any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete

location information.

42. Thus, under 15 USC §1692b(3) and 15 USC §1692c, the Defendant was only allowed to communicate with the Plaintiff <u>once</u>, and solely in order to obtain location information regarding the debtor it was attempting to reach.

43. Instead, the Defendant placed dozens of calls to the Plaintiff in an attempt to reach an unrelated debtor, all after the Plaintiff clearly and expressly advised the Defendant that she was not that person, in direct violation of the FDCPA and RFDCPA.

44. Pursuant to 15 USC §1692d(5), a debt collector is prohibited from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

45. Cal. Civ. Code §1788.11(d) similarly prohibits debt collectors from causing a telephone to ring repeatedly or continuously to annoy the person called.

46. Cal. Civ. Code §1788.11(e) further prohibits debt collectors from communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

47. Defendant's actions violated the foregoing provisions of the FDCPA and RFDCPA by placing over 85 calls to the Plaintiff, and over 60 calls in a one-

month period of time, at a rate of up to seven calls in one day - all in an attempt to collect a debt from an unrelated person.  For example, on May 10, 2016, the Defendant called the Plaintiff seven times in less than eight hours, calling the Plaintiff once an hour, every hour.

48. Defendant's actions, listed above, violated the RFDCPA and FDCPA, and were done knowingly and willfully, all after the Plaintiff specifically advised the Defendant that she was not the debtor that the Defendant was seeking.

49. As a direct and proximate result of Defendant's violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## THIRD CAUSE OF ACTION

### (Invasion Of Privacy By Intrusion Upon Seclusion By Credit One)

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant invaded the Plaintiff's privacy and intruded upon her right to seclusion, by placing an obscene amount of phone calls to the Plaintiff's cellular phone, all in an attempt to collect a debt from an unrelated debtor.

52. Plaintiff has a reasonable expectation of privacy on her cellular phone, and to be left alone and not harassed by a credit card company mindlessly attempting to cow some unknown party into paying their debt.

53. The Plaintiff should not have to be subjected to the Defendant's reprehensible collection tactics, particularly when she has zero relationship with Defendant.

54. The Defendant's actions are highly offensive to any reasonable person: to repeat, the Defendant harassed the Plaintiff with over 85 calls, up to seven calls per day, and over 60 calls in a one-month period – all after the Plaintiff advised the Defendant that it was calling the wrong person, and to stop calling her.

55. As a result of the Defendant's unreasonable conduct, the Defendant violated the Plaintiff's right to seclusion and invaded on her privacy.  *See e.g., Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 992 (N.D. Cal. 2014)(finding that "repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion" and denying motion to dismiss where collection agency called debtor "3 to 5 times a day for two months totaling approximately 185 to 300 times, despite Plaintiff's repeated requests for the calls to stop").

56. As a result of the Defendant's actions, the Plaintiff has been harmed, and is

entitled to damages, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Violations Of The TCPA By EGS)

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant Credit One Bank contracted with EGS to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number of (559) 202-9319.

59. Pursuant to its contract with Credit One Bank, Defendant EGS began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout 2016 by calling the Plaintiff's cell phone number of (559) 202-9319 numerous times.

60. Defendants' use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

61. EGS specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on her cell phone number of (559) 202-9319 on August 30, 2016 and November 4, 2016, amongst numerous other dates.

62. EGS called from numerous phone numbers, masquerading and identifying itself as Credit One Bank.

63. The Plaintiff never gave any of the Defendants her prior, express permission to call her cell phone via the use of an automated telephone dialing system.

64. As the party responsible for actually dialing and placing a large number of the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant EGS is liable to Plaintiff for any such calls it placed to Plaintiff.

65. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

66. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew or should have known that it was calling the wrong phone

number when it placed calls to the Plaintiff's cellular phone number of (559) 202-9319.   In fact, Defendant's own records reflect numerous 'wrong number' notations, and calls placed after those notations were made.

67. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

68. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

69. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## FIFTH CAUSE OF ACTION

### (*Violations of the TCPA By Defendant Convergent*)

70. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs herein with the same force and effect as if the same were set forth at length herein.

71. Defendant Credit One Bank contracted with Convergent Outsourcing, Inc. (hereinafter "Convergent") to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number of (559) 202-9319.

72. Pursuant to EGS's contract with Credit One Bank, Defendant Convergent began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout 2016 by calling the Plaintiff's cell phone number of (559) 202-9319 numerous times.

73. Defendants' use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

74. Convergent specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on her cell phone number of (559) 202-9319 twice a day on September 13, 19, and 22, 2016, amongst numerous other dates.

75. Convergent called from numerous phone numbers, masquerading and identifying itself as Credit One Bank.

76. The Plaintiff never gave any of the Defendants her prior, express permission to call her cell phone via the use of an automated telephone dialing system.

77. As the party responsible for actually dialing and placing a large number of

the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant Convergent is liable to Plaintiff for any such calls it placed to Plaintiff.

78. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

79. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew or should have known that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number of (559) 202-9319.

80. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

81. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

82. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each

and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SIXTH CAUSE OF ACTION

### (Violations Of The Rosenthal Act by EGS)

83. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

84. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

85. Pursuant to 15 USC §1692c, a debt collector may not communicate with a third party in connection with the collection of a debt owed by a consumer, with a limited exception for calls made to obtain or confirm location information, which exception is governed by 15 USC §1692b.

86. Pursuant to 15 USC §1692b(3), any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt

collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

87. Thus, under 15 USC §1692b(3) and 15 USC §1692c, EGS was only allowed to communicate with the Plaintiff <u>once</u>, and solely in order to obtain location information regarding the debtor it was attempting to reach.

88. Instead, EGS placed numerous calls to the Plaintiff in an attempt to reach an unrelated debtor, all after the Plaintiff clearly and expressly advised EGS that she was not that person, in direct violation of the FDCPA and RFDCPA.

89. Pursuant to 15 USC §1692d(5), a debt collector is prohibited from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

90. Cal. Civ. Code §1788.11(d) similarly prohibits debt collectors from causing a telephone to ring repeatedly or continuously to annoy the person called.

91. Cal. Civ. Code §1788.11(e) further prohibits debt collectors from communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

92. Defendant's actions violated the foregoing provisions of the FDCPA and

RFDCPA by placing numerous calls to the Plaintiff who Defendant knew was not the debtor it was trying to contact.

93. Defendant's actions, listed above, violated the RFDCPA and FDCPA, and were done knowingly and willfully, all after the Plaintiff specifically advised the Defendant that she was not the debtor that the Defendant was seeking.

94. As a direct and proximate result of Defendant's violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## SEVENTH CAUSE OF ACTION

### (Violations Of The Rosenthal Act by Convergent)

95. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

96. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

97. Pursuant to 15 USC §1692c, a debt collector may not communicate with a third party in connection with the collection of a debt owed by a consumer, with a limited exception for calls made to obtain or confirm location information, which exception is governed by 15 USC §1692b.

98. Pursuant to 15 USC §1692b(3), any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

99. Thus, under 15 USC §1692b(3) and 15 USC §1692c, the Defendant was only allowed to communicate with the Plaintiff once, and solely in order to obtain location information regarding the debtor it was attempting to reach.

100. Instead, the Defendant placed dozens of calls to the Plaintiff in an attempt to reach an unrelated debtor, all after the Plaintiff clearly and expressly advised the Defendant that she was not that person, in direct violation of the FDCPA and RFDCPA.

101. Pursuant to 15 USC §1692d(5), a debt collector is prohibited from causing a telephone to ring or engaging any person in telephone conversation

repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

102.    Cal. Civ. Code §1788.11(d) similarly prohibits debt collectors from causing a telephone to ring repeatedly or continuously to annoy the person called.

103.    Cal. Civ. Code §1788.11(e) further prohibits debt collectors from communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

104.    Defendant's actions violated the foregoing provisions of the FDCPA and RFDCPA by placing numerous calls to the Plaintiff, despite knowing that Plaintiff was not the debtor it was trying to reach.

105.    Defendant's actions, listed above, violated the RFDCPA and FDCPA, and were done knowingly and willfully, all after the Plaintiff specifically advised the Defendant that she was not the debtor that the Defendant was seeking.

106.    As a direct and proximate result of Defendant's violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal.

Civ. Code § 1788.30.

## DEMAND FOR TRIAL BY JURY

107.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

A.   For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

B.     Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendants' willful violations of the TCPA;

C.     Plaintiff requests actual and statutory damages, along with attorneys' fees and costs, for the Defendants' violations of the RFDCPA and FDCPA.

D.     Plaintiff requests actual and punitive damages for the Defendant's invasion of her privacy and violation of her right to seclusion.

E.     For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.

Dated:        March 14, 2018

                                        /s/ Yitzchak Zelman
                                        Yitzchak Zelman, Esq.,
                                        *Admitted Pro Hac Vice*
                                        MARCUS & ZELMAN, LLC
                                        1500 Allaire Avenue, Suite 101
                                        Ocean, New Jersey 07712
                                        Phone:     (732) 695-3282
                                        Facsimile: (732) 298-6256
                                        Email: yzelman@marcuszelman.com
                                        Attorneys for Plaintiff